YARRUT, Judge.
This is an appeal from an adverse judgment on a rule by Willard & Davis Insurance Agency, Inc. (referred to herein as “Willard & Davis”), Plaintiff-Appellant, against the United States of America, through the Internal Revenue Service (referred to as “the Revenue Service”), to compel the Revenue Service to return to the Registry of the Civil District Court for the Parish of Orleans $6,271.60, being part of a larger amount the Revenue Service received from the Court’s Registry under an ex parte order, dated November 9, 1966, of a judge of the Civil District Court.
The facts involved in this litigation are admittedly as follows:
On January 14, 1955, the Revenue Service made an assessment against Charles X. Miller Plastering Company for unpaid federal withholding taxes owed for 1954, amounting to $22,422.59, and on January 21, 1955, served notice and made demand upon Miller for payment of these taxes. Upon default of Miller, notice of the federal tax liens was filed with the Recorder of Mortgages of Orleans Parish on March 28, 1955, in which notice the taxpayer’s name was given as Charles X. Miller Plastering Company. On March 28, 1955, the tax liens were enforced by serving a levy upon Pittman Construction Company, which was then indebted to Miller, as stated hereinafter.
Pittman Construction Company was the general contractor on a housing project in New Orleans. Miller was retained by Pittman as its plastering subcontractor. Miller completed his work on November 1, 1954, which was accepted on January 1, 1955. The Housing Authority did not accept the work done by Pittman and refused to release to Pittman the 10% retainage it was holding *706 under their contract. In turn, Pittman refused to pay Miller the 10% retainage it was holding and, on March 31, 1955, Miller recorded a lien against Pittman for $63,259.-48 due him for work and extras under the subcontract.
The federal tax liens relate to Miller’s failure to pay federal withholding taxes due on the construction of the housing project.
Miller filed the present suit (No. 340-360) against Pittman, Pittman’s bonding companies, and the Housing Authority of New Orleans, to recover the retainages withheld by Pittman. On September 9, 1955, Willard & Davis sued to recover damages against Charles X. Miller; and on February 1, 1957, Willard & Davis obtained a judgment against Miller in the amount of $3,932.95 plus interest and costs.
On February 7, 1957, Willard & Davis obtained a writ of fieri facias to enforce its judgment against Miller’s pending suit against Pittman. Notice of Willard & Davis’ seizure of Miller’s claim was served upon the Clerk of the District Court on February 7, 1957, and upon all parties to the suit, including Pittman, on either February 8 or February 11, 1957.
On October 4, 1957, a second notice of the federal tax liens was filed with the Recorder of Mortgages. This second notice listed the name of the taxpayer as Charles X. Miller and Frances G. Miller, d/b/a Charles X. Miller Plastering Company.
Miller’s right to recover against Pittman was, in part, contractually dependent upon Pittman’s ultimate recovery against the Housing Authority. Miller v. Housing Authority of New Orleans, 249 La. 623, 190 So.2d 75.
On November 20, 1963, Miller recovered judgment against Pittman in the amount of $41,001.52, together with interest. The District Judge ordered that there be deducted from this amount and deposited in the Registry of the Court, inter alia:
“1- — A sum sufficient to satisfy and discharge the levy served by the United States Government on Pittman Construction Company for taxes, penalties and interest owed the United States by Charles X. Miller which sum shall be deposited by Pittman Construction Company * * * in the registry of this Court for the account of the United States of America and/or any other person claiming any interest therein; * (Emphasis supplied.)
Pittman ultimately recovered a final judgment against the Housing Authority on February 5, 1965. See Pittman Construction Co. v. Housing Authority of New Orleans, La.App., 169 So.2d 122; 247 La. 343-348, 170 So.2d 865-866.
On September 3, 1964, the Revenue Service served a second notice of levy upon Pittman. Ultimately, Miller obtained judgment against Pittman on November 20, 1963, fixing Pittman’s liability to Miller at $41,001.52, plus $960.15 interest.
On October 6, 1966, Pittman deposited in the Registry of the Court $30,625.02, the unpaid balance of the federal taxes and interest owed by Miller, in compliance with the court order of November 20, 1963, as amended on appeal, supra.
On November 9, 1966, the Revenue Service moved ex parte to obtain the fund which had been deposited by Pittman in the Registry of the Court. The District Judge allowed the ex parte motion, and the fund was turned over to the Revenue Service. On December 2, 1966, Willard & Davis filed a Rule against the Revenue Service to show cause why it should not be compelled to return a portion of the fund to the Registry sufficient to satisfy its judgment amounting to $6,271.60.
On December 16, 1966, the District Judge ruled: (1) that he had already previously determined in 1963 that the liens of the Revenue Service primed the lien of Willard & Davis; and (2) that the lien of Willard & Davis had lapsed by limitation of time, since the writ of fi. fa. was issued in 1957. *707 This appeal by Willard & Davis was then taken.
The Revenue Service agrees that the errors of the District Judge complained of, are: (1) the District Judge could not, when he rendered judgment in favor of Miller on November 20, 1963, have determined the priority of the federal tax liens as against the claimed lien of Willard & Davis, because that matter was not then before him, and, because neither of the lien claim-. ants were then parties to the present suit; and (2) the District Judge on December 16, 1966, erred in determining that the lien of Willard & Davis had expired by 1966, for want of prosecution under LSA-C.C.P. art. 2294.
The property or right to which both claimants assert their liens was, from 1955 through October 4, 1966, an undetermined right that Miller had as a litigant in case No. 340-360, Miller’s pending suit against Pittman, cited supra. Under Louisiana law, Willard & Davis could, as a judgment creditor, obtain seizure of Miller’s rights and obtain a lien thereon by writ of fieri facias, and the service of notice of such seizure upon the Clerk of the District Court, as well as the other parties to the litigation. LSA-C.C.P. arts. 2291, 2292; LSA-R.S. 13:3864 — 13:3868.
Willard & Davis obtained a money judgment against Miller in case No. 340-368 on February 1, 1957. On February 7, 1957, Willard & Davis caused the Deputy Sheriff to serve a notice of the seizure of Miller’s right in his suit No. 340-360 on the Clerk of the District Court, and all parties to the suit.
The only time limitation imposed upon the enforcement of a writ of fieri facias is that seizure of the res be made within one year from the date of issuance. LSA-C.C.P. art. 2294. This was done. Since the res seized was a cause of action, and since the records of both Courts show that Miller was actively prosecuting his claim against Pittman until October, 1966; Willard & Davis, under LSA-R.S. 13:3864-13:3868, could not do anything more about enforcing its lien other than what it did— wait for the final disposition of Miller’s claim in suit No. 340-360.
The District Judge was in error in ruling that the relative priorities of the two lien claimants here had been judicially determined in 1963 in litigation because the parties involved here were not parties to that litigation and could not be subject to a plea of res judicata.
The District Judge also erred in determining that the lien of Willard & Davis expired by the end of 1966 under LSA-C.C.P. arts. 2291, 2294; LSA-R.S. 13:3864-13:3868; A. Baldwin & Co. v. Lelong, 142 So. 879.
Therefore, the real issue was not determined by the District Court, i. e., that of lien priority.
The question of whether a federal tax lien takes priority over a competing lien arising under state law is based upon which lien was filed first in the mortgage office. United States v. City of New Britain, Conn., 347 U.S. 81, 85-86, 74 S.Ct. 367, 98 L.Ed. 520; United States v. Pioneer American Ins. Co., 374 U.S. 84, 87-92, 83 S.Ct. 1651, 10 L.Ed.2d 770.
Willard & Davis does not dispute that the Revenue Service first filed a notice of its tax liens on March 28, 1955, prior to the date on which its judgment lien arose; and that, if this earlier filing is effective then it has no valid claim here. The first notice of federal tax lien was in the name of Charles X. Miller Plastering Company. Willard & Davis contends this filing was ineffective to charge them with sufficient notice of the prior federal tax lien.
On the other hand, the Revenue Service contends Willard & Davis must, and should, have known that Miller was a *708 plastering subcontractor by virtue of their dealings, and that the tax debtor named as “Charles X. Miller Plastering Co.” was Charles X. Miller alone, doing business under that name, citing Richter’s Loan Co. v. United States, 235 F.2d 753, 755 (C.A. 5th). In the cited case the subsequent pledgee, a business creditor of the taxpayer, was charged with knowledge of the notice of a federal tax lien even though the taxpayer’s name had erroneously been spelled “Freid-lander” instead of “Friedlander.” The Court held:
“* * * We think it sufficient to say: that, * * * the slight difference in spelling the name ‘Freidlander’ instead of ‘Friedlander’ could not mislead searchers of the record, who were contemplating doing business zvith Friedlander; that the notice of the lien was adequate; and that the judgment giving priority to the lien of the United States should be affirmed.” (Emphasis added.)
In view of the Richter’s Loan Co. case, cited supra, the Revenue Service contends that the case should be remanded for the introduction of additional evidence to show whether or not Charles X. Miller was, in fact, the sole proprietor of Charles X. Miller Plastering Company, and the dealings that Charles X. Miller had in that capacity with Willard & Davis. We agree with this contention, and accordingly, remand the case to the District Court for a determination of the priority between the two lien claimants; and for the introduction by either party of any evidence pertinent thereto. If the Court should determine that, under all the facts and circumstances, the notice of the tax lien filed on March 28, 1955, which identified the taxpayer as Charles X. Miller Plastering Co., was sufficient to apprise Willard & Davis of the recorded tax lien, then the federal tax lien should prime that of Willard & Davis, in which event the latter can take nothing, as the lien of the Revenue Service will exhaust the fund. If, on the other hand, the federal lien is defective, Willard & Davis will be first in priority and the Revenue Service will have to return to the Registry of the Civil District Court an amount sufficient to satisfy the Willard & Davis lien.
Case remanded with instructions.