AYRES, Judge.
This is an action filed on April 3, 1959, to rescind an act of sale of a described tract of land comprising 36.1 acres, more or less, and the- improvements thereon on the ground of lesion beyond moiety.
“Lesion” is defined as “the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received.” LSA-C.C. Art. 1860.
If a vendor has been aggrieved for more than half the value of an immovable estate sold by him, he has a right to demand the rescission of the sale. LSA-C.C. Art. 2589.
The sale by Elisha Hall, Sr., to defendant, Austin F. Akin, of the property concerned in this litigation is evidenced by a deed executed on March 9, 1959, which recites a consideration of $1,325.00, which was alleged to be less than one-half the value of the property as of the date of the *824 sale. Elisha Hall, Sr., died on May 24, 1962, and his eight children, as his sole and only heirs, were substituted as parties-plaintiff, who, by order of court dated July 31, 1963, were formally authorized to prosecute this action.
The rule is that to ascertain whether there is lesion beyond moiety the immovable must be evaluated according to the state in which it was and the value which it had at the time of the sale. LSA-C.C. Art. 2590.
On trial, the court found the property involved herein to have had a value of $6,610.00 on the date of the sale. There was judgment accordingly rescinding the sale because of lesion beyond moiety. The defendant, however, was reserved, for a period of 30 days, the right or privilege of retaining title to the property upon making payment in the amount of the aforesaid estimation, with legal interest thereon from judicial demand until paid. LSA-C.C. Arts. 2591 and 2592.
From this judgment defendant appealed and assigns as error the action of the court (1) in refusing to allow the filing of a supplemental and amended answer, (2) in not placing some value on the right of plaintiff’s use of the property during the remainder of his lifetime, (3) in finding there was an access road to the property, (4) in not recognizing the fact that plaintiff owned only an undivided two-thirds interest in the property, and (5) in accepting, in evaluating the property, only the “comparables” or sales submitted by plaintiffs and in not taking into consideration those submitted by defendant’s appraiser.
As heretofore noted, plaintiff’s petition was filed on April 3, 1959; defendant’s answer was filed on March 21, 1969. Therein each and every allegation of plaintiff’s petition was “denied as written.” The minutes reflect this cause was fixed for trial on an even dozen occasions. The answer was filed only after the case had been assigned for trial for the eleventh time, and then only after a formal default had been entered. Thereafter the trial was fixed for May 8, 1969. On the preceding day, defendant filed with the clerk of court a “supplemental and amended answer.” On the trial date, the court disallowed its filing.
We find no merit in defendant’s objection to the disallowance of the filing of his amended and supplemental answer. This proffered filing was not timely and was properly disallowed. There is a provision in LSA-C.C.P. Art. 1001 to the effect that where additional time for answering has not been granted by the court “A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.” Moreover, “A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the . . . answer may be amended only by leave of court or by written consent of the adverse party.” LSA-C.C.P. Art. 1151.
Defendant’s assignments of error, noted hereinabove as Nos. 1, 2, 3, and 4, relate to the disallowance of the amended answer and to matters or defenses set forth in the offered amendment. The amended answer having been properly disallowed, the matters or defenses contained therein were not before the court, nor are they before this court. Failure to consider matters not properly brought before the court is not error.
The fifth assignment of error relates to the appraisal of the property and its evaluation as of the date of the sale. The appraisals of the three experts, the first two testifying on behalf of plaintiffs and the third on behalf of the defendant, were noted in the court’s opinion as follows :
“Lawrence L. May:
36.1 acres @ $100.00 per acre $3,610.00
Dwelling 3,200.00
Value of Mineral Production 950.00
$7,760.00
*825 “A. C. Montgomery:
Land, 36.1 acres @ $100.00 $3,610.00
Dwelling 2,400.00
Value of Minerals 600.00
$6,610.00
“Frank W. Grigsby:
Land, 36.1 acres @ $35.00
per ac. 1,263.50
Dwelling 1,368.00
$2,631.50”
After reviewing the appraisals and the testimony of the witnesses given in connection therewith, the court commented:
“Considering all of the evidence and its own visit to the house, this Court is of the opinion that the appraisers presented by the plaintiff were more realistic in their approach to the true value of this property as of the date of the sale, and the Court will adopt the lower of the two [plaintiffs’] appraisals, $6,610.00, as being the true value of the subject property at the date of sale.”
No error in the above-stated findings or in the trial court’s conclusions has been pointed out; nor does our review of the record disclose any. There is no manifest error or error patent on the face of the record.
Hence, the judgment appealed is affirmed at defendant-appellant’s costs.
Affirmed.