BAILES, Judge.
This action was brought by plaintiff, Commercial Securities Company, Inc. against Eddie Moye, Jr., seeking judgment in the amount of $525.20, plus interest and attorney fees, allegedly representing the balance due on a promissory note executed by defendant.
In the First City Court of New Orleans, wherein this suit was brought, judgment was rendered in favor of plaintiff and against the defendant, as prayed for. Defendant has perfected this appeal. For the reasons hereinafter explained, the judgment of the trial court is reversed and the case remanded for further proceedings consistent with this opinion.
The chronology of the proceedings in the trial court are as follows:
May 10, 1971 — The original petition initiating this proceeding was filed;
May, 11, 1971 — Domiciliary service was made of this petition on the defendant;
May 17, 1971- — Defendant filed an exception of lack of “Procedural Capacity” ;
June 9, 1971 — Default judgment was rendered against defendant;
July 13, 1971 — Exception of lack of procedural capacity was fixed for trial on Thursday, July 22, 1971;
July 22, 1971 — Defendant filed his answer;
July 28, 1971 — Supplemental and amending petition was filed by plaintiff;
August 2, 1971 — Judgment rendered after trial;
August 4, 1971' — Application was made by plaintiff for new trial and order fixing hearing of this motion on August 16, 1971, signed by this court;
August 26, 1971 — Plaintiff filed motion for appeal from judgment dated August 2, 1971. Order of appeal entered by trial court, and bond, in the amount fixed by the court, filed.
We must notice, ex proprio motu, that the only appealable judgment rendered in this proceeding, as reflected by the record before us, is the default judgment signed by the court on June 9, 1971.
This brings us to a consideration of whether this is an appeal from the default judgment of the trial court signed on June 9, 1971, or as stated in the motion for the appeal, an appeal from a (so-called) judgment dated August 2, 1971.
We are constrained to hold that the only viable judgment rendered in this case by the trial court is the judgment dated June 9, 1971, for the reason the record herein is devoid of a motion for a new trial by either party or an order responsive to a hearing thereon, or any reference to any new trial having been granted by the court ex proprio motu. See C.C.P. Art. 1971.
Plaintiff-appellee’s counsel makes reference, dehors the record, to a motion of plaintiff wherein the trial court set aside the judgment of June 9, 1971, “for the purpose of hearing defendant’s exception of lack of capacity, but only for that purpose”. As stated by defendant in his appellate brief, the hearing of July 22, was to be on the exception only. Upon defendant’s failure to prove (facts alleged in) his exception within a delay granted by the *883 trial court, the court on August 2, rendered a new judgment which in effect merely reinstated the June 9, judgment.
Such a proceeding is totally unknown to the civil procedure of this State. There is no basis, foundation or authority for a trial court (if indeed such was actually done) to set aside a judgment which it has rendered, save and except through the procedural vehicle of a new trial.
Even though the defendant in his motion for this appeal specifically referred to the judgment dated August 2, 1971, as being the judgment sought to be appealed, it is quite clear that he was dissatisfied with the result and judgment reached by the trial court, and obviously he was seeking relief from such judgment.
In King v. King, La.App., 253 So.2d 660, 662 (1971), citing Fruehauf Trailer Co. v. Baillio, 252 La. 181, 210 So.2d 312 (1968) and Kirkeby-Natus Corp. v. Campbell, 250 La. 868, 199 So.2d 904 (1967), the court stated “that where the appellant exhibits intent to appeal an unfavorable judgment on the merits, the appeal will be maintained. The result reached in each of these cases is predicated on the well established principle that appeals are favored in law, must be maintained wherever possible, and will not be dismissed for technicalities. * *
We find reasonable grounds to draw sufficient analogy between the cases cited supra and the instant case to be justified in following their rationale and in our holding that the judgment appealed from herein is the judgment dated June 9, 1971.
In view of the judgment above referred to having been signed on June 9, 1971, and the order of appeal having been signed on August 26, 1971, the question of whether this appeal is timely arises. We note that domiciliary service of plaintiff’s petition was made on the defendant on May 11, 1971, and no notice of judgment was served on defendant. Such notice of judgment was required by the C.C.P. Art. 4898 which provides:
“Notice of judgment shall be served on a defendant against whom judgment is rendered if the citation was not served on him personally, and he failed to answer.
“Notice of judgment need not be given in any other case.”
The date of the service on the notice of judgment determines the date for the commencement of the running of the delay for the application for a new trial. Therefore, it follows that as no notice of judgment was served on the defendant, the time for the commencement of the ten day period within which a devolutive or sus-pensive appeal may be granted has not begun to run because the delay within which to apply for a new trial has not begun its tolling, all as provided for in C.C.P. Art. 5002.
Accordingly, we conclude that the appeal was timely moved for by the appellant and the order granting the appeal was proper.
We pass now to the validity vel non of the judgment rendered against the defendant on June 9, 1971. In doing so we must point out that the defendant did not file an answer within the delay provided for by C.C.P. Art. 5002, but within such delay he did file the dilatory exception which he denominated a “Dilatory Exception of Lack of Procedural Capacity” the basis of which is the alleged minority of the defendant.
C.C.P. Art. 5002 provides:
“The delay for answering shall be stated in the citation. This delay shall be five days, exclusive of legal holidays, after service of citation on the defendant, except when the citation is served on a defendant through the secretary of state, in which event this delay shall be fifteen days after such service as to all defendants.
“A defendant shall incorporate in his answer all of the exceptions on which he intends to rely. No prior default is necessary, and judgment may be rendered as *884 provided in Article 4896. Notice of the rendition of judgment is not necessary, except as provided in Article 4898. The delay for answering garnishment interrogatories shall be five days, exclusive of legal holidays.
“A new trial may be applied for within three days, exclusive of legal holidays, of the date of judgment or of the service of notice of judgment when necessary.
“A devolutive or suspensive appeal to the proper appellate court may be granted if applied for within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial.
“The suspensive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a suspensive appeal.
“The devolutive appeal bond, as required by the applicable provisions of Article 2124, must be filed within the delays allowed above for a devolutive appeal.”
The question which then arises from the stated requirement of Article 5002 is whether a default judgment is properly entered where defendant files no answer but does file a dilatory exception as stated above.
 We find that the requirement of Article 5002 that a defendant incorporate in his answer all of the exceptions on which he intends to rely does not preclude him from filing an exception without incorporating the same in his answer and until the exception is properly disposed of by the trial court a default judgment is premature and invalid. However, it is quite clear from the provisions of Article 5002 that should the defendant file exceptions without incorporating same in his answer he is thereafter precluded from filing an answer. In other words, his defense must stand or fall, succeed or fail, on the sufficiency of the exception.
In the instant case, the dilatory exception of the defendant, which on June 9, 1971, had not been ruled on by the trial court, prevented the rendition of a valid default judgment against him.
For the foregoing reasons, we hold that all proceedings concluded in the trial court subsequent to the rendition of the default judgment of June 9, 1971, are null, void and of no effect, and likewise, for the reason that the default judgment of June 9, 1971 was prematurely rendered, said judgment is annulled, cancelled and set aside, and this case is remanded to the trial court for the restricted purpose of the trial court hearing evidence and passing on the merits of the dilatory exception of whether defendant has the capacity to be sued and to stand in judgment herein.
Plaintiff is cast for all cost of this appeal. Adjudication of all other costs to await final judgment on the exception.
REGAN, J., dissents with written reasons.
Reversed and remanded.