LOTTINGER, Judge.
This is a rule filed by defendant, Robert L. Edwards, to show cause why the Clerk of Court of Tangipahoa Parish, Louisiana should not continue to remain in possession of a cash appeal bond filed in these proceedings until this litigation is concluded. From a judgment ordering the Clerk of Court to pay to plaintiff an amount sufficient to satisfy the judgment decided by this Court on June 30, 1976, rehearing denied August 27, 1976, and reported at 336 So.2d 232, defendant has appealed.
This Court previously affirmed a money judgment in favor of plaintiff granted by the Trial Court on a motion for summary judgment. Defendant appealed and deposited a cash bond with the Clerk of Court. Fearing that plaintiff may attempt to execute against the cash bond, defendant filed the instant rule.
Defendant argued in the Trial Court that this Court affirmed the original judgment from an incomplete record, in that pending the appeal plaintiff filed a motion to supplement the record with defendant opposing as well as alternatively seeking to supplement. Pending the motions to supplement in the Trial Court, this Court affirmed the original Trial Court judgment.
In response to the show cause order, plaintiff prayed that the rule be recalled, vacated and annulled, and for all general relief.
*527 On appeal defendant contends the Trial Court erred (1) in ordering the Clerk of Court to turn over money deposited without a writ of fieri facias, and (2) in finding that there were no issues pending and that the decision of the Court of Appeal was final, inasmuch as the motion to supplement the record and the opposition thereto had not been decided by the Trial Court.
ERROR NO. 1
Defendant-appellant basically argues that a money judgment cannot be enforced without the use of the writ of fieri facias, citing LSA-C.C.P. art. 2291, Succession of Moody, 306 So.2d 869 (La.App. 1st Cir. 1974), writ refused 310 So.2d 639 (La. 1975) and Miller v. Housing Authority of New Orleans, 200 So.2d 704 (La.App. 4th Cir. 1967).
LSA-C.C.P. art. 2291 provides that “a judgment * * * may be executed by a writ of fieri facias.” We do not construe the permissive language may to mean the writ of fieri facias to be an exclusive remedy-
Neither of the cases cited supports appellant’s contention that a writ of fieri facias is necessary to execute on a money judgment.
We know of no rule of law in Louisiana that requires a money judgment be executed only via a writ a fieri facias, nor do we know of any rule which would prohibit a Trial Court after a contradictory hearing from ordering a Clerk of Court from disbursing funds held as an appeal bond sufficient to pay a money judgment. Absent any known rule, we find no error.
ERROR NO. 2
This Court rendered its decision on June 30,1976, denied a rehearing on August 27, 1976 and writs were not applied for to the Louisiana Supreme Court. The decision of this Court is therefore final. LSA-C. C.P. art. 2167.
The jurisdiction of the Trial Court over a case on appeal is not divested for the purpose of correcting any misstatement, irregularity, informality, or omissions of the trial record. LSA-C.C.P. art. 2088. This limited retention of jurisdiction by the Trial Court, however, does not affect the jurisdiction acquired by the appellate court by the perfecting of an appeal. As to this particular retention of jurisdiction by the Trial Court, it is concurrent with the appellate court. LSA-C.C.P. art. 2132.
Inasmuch as the decision of this Court is a final judgment, we find no error on the part of the Trial Judge.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by defendant-appellant.
AFFIRMED.