391 So.2d 895 (1980)
Richard R. AILLET and Diane S. Aillet, Plaintiffs-Appellees,
v.
CENTURY FINANCE COMPANY of Louisiana, Defendant-Appellant.
No. 14335.
Court of Appeal of Louisiana, Second Circuit.
December 2, 1980.
*896 Touchstone & Wilson by David M. Touchstone, Shreveport, for defendant-appellant.
Cook, Yancey, King & Galloway by Albert M. Hand, Jr., Shreveport, for plaintiffs-appellees.
Before HALL, JASPER E. JONES and FRED W. JONES, JJ.
FRED W. JONES, Judge.
The finance company holder of a consumer credit contract appeals a city court judgment in favor of the purchasers of services under the contract for recovery of monies paid to the holder. Appellant contends that the trial judge erred in (1) finding that inclusion of a "preservation of defenses" clause in the contract, rendered the finance company personally liable for failure of assignor to perform services under the contract; (2) concluding that the finance company was a "holder" of the contract despite the fact that the promissory note evidencing the debt was not filed in evidence; and (3) ruling that evidence, which was offered by the finance company to the effect that it could arrange through other parties to provide the services promised by the assignor, was inadmissible. We affirm.
According to the record, in 1979 the American Guild Furniture Buyers Club ("American Guild"), with outlets in various cities, was contracting with manufacturers and dealers to purchase merchandise, including furniture and appliances, in large quantities at discount prices. The general public, enticed by the lure of bargain prices, was permitted to purchase membership in the club through the medium of installment contracts which were customarily sold by American Guild to finance companies.
Plaintiffs, husband and wife, residents of Shreveport, Louisiana, joined the American Guild through their local outlet in July, 1979 for a period of two years for a stipulated membership fee of $595. They paid $45 in cash and financed the $550 balance by executing a 24 month financing package which included a promissory note and an instrument styled "Credit Sale, Chattel Mortgage (non-auto) and Truth in Lending Disclosure Statement". The latter statement informed plaintiffs that their contract would be assigned to Century Finance Company ("Century"). The instrument also contained in bold print the following clause:
NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.
American Guild sold the contract to Century. Plaintiffs made two monthly payments to Century and then, in October, 1979, prepaid the entire remaining balance.
Plaintiffs learned in January, 1980, that American Guild had rather abruptly closed its Shreveport outlet, without giving any notice to its customers. Consequently, demand was made upon Century as the holder of plaintiffs' contract for the return of monies paid to it. Upon rejection of the demand this litigation ensued.
Century filed in sequence the following pleadings in Shreveport City Court: exception of nonjoinder of an indispensable party (American Guild), which was overruled; answer and exception of no cause of action; and an amending and supplemental answer alleging that Century could arrange for the performance of American Guild's obligations under the contract by other parties.
*897 During the course of the trial, the judge ruled that evidence offered by Century relating to its attempted performance of the contract was inadmissible because the pleading asserting this defense was not timely filed under La.C.C.P. Art. 4912.[1] Century then made a proffer of this evidence.
After trial, judgment was rendered in favor of plaintiffs for $505.92, representing the amount paid by them to Century less a pro rata charge for their four months effective membership in the buyer's club.
Acting pursuant to statutory authorization, the Federal Trade Commission requires the inclusion in all consumer credit contracts of the "preservation of defenses" clause which is contained in the contract under consideration. See 16 C.F.R. 433.1. The legal import of this language was considered in GMAC v. Daniels, 377 So.2d 346 (La.1979), which noted:
"The consumer is protected by the notice on the credit contract which makes the holder of the paper subject to all the claims and defenses which the debtor may assert against the seller of the goods... the FTC rule places the creditor in the shoes of the vendor with respect to the purchaser/debtor...."
In the recent case of Jefferson Bank & Trust Co. v. Stamatiou, 384 So.2d 388 (La. 1980), the debtor had purchased a truck and in connection with the transaction executed a promissory note, act of sale and chattel mortgage. The instrument contained a "preservation of defenses" clause identical to that involved in our case. The bank to which the contract was assigned sued the debtor for the unpaid balance on the note and the defendant reconvened for rescission of the sale because of redhibitory vices. Ruling in favor of the debtor, the Louisiana Supreme Court held:
"The express purpose of the FTC regulation is to prevent the seller, in a consumer credit transaction, from separating the buyer's duty to pay from the seller's duty to perform as promised, by the seller's assigning the buyer's promissory note to a financing institution, as against whom, because of holder status, defenses would otherwise not be available."
Consistent with the cited jurisprudence, we find that the "preservation of defenses" clause contained in the consumer credit contract assigned to Century clearly warned the holder that it was purchasing the contract subject to any claims or defenses that plaintiffs might have against the assignor. Since the promissory note evidencing the principal obligation was apparently lost, under the best evidence rule oral testimony was admissible to establish the terms of that note (which was referred to in the security instrument). In fact, Century's manager testified concerning the existence of the note and its provisions. Be that as it may, the consumer credit contract consisted of a package, which included the lost promissory note. The written notice sent by Century to plaintiffs after its acquisition of the contract stated that Century had "purchased your contract." Therefore, the trial judge correctly held that Century was the "holder" of plaintiffs' contract.
Appellant appears to concede that if plaintiffs had not prepaid their contractual obligation and Century had been compelled to sue them for past-due installments, plaintiffs could have raised as a defense the failure of American Guild to perform its obligations under the contract. There also seems to be no question but that if American Guild had not sold the contract, plaintiffs could have sued it for non-performance of those obligations. Since the effect of the "preservation of defenses" clause is to place the holder in the shoes of the assignor, logic compels the conclusion that plaintiffs may exercise their claim against Century because of American Guild's non-performance. For this reason we agree with the trial judge's construction of the legal effect of the clause in question which issued in the judgment appealed.
*898 On the incidental evidentiary question, the record shows that, although the trial judge ruled inadmissible the evidence offered by Century to show the possibility of its arranging with another party to perform the services promised by American Guild, after the proffer the lower court deemed the evidence irrelevant because under the contract plaintiffs could not have been required by American Guild "to deal with some other company," and Century stood in the place of American Guild. We agree that the evidence was inadmissible on this basis.[2]
For these reasons, we affirm the judgment of the lower court at appellant's cost.
NOTES
[1] This article provides in pertinent part:

"A defendant shall include in his answer, whether oral or in writing, all of the exceptions upon which he intends to rely."
[2] Having disposed of the evidentiary question on this ground, we do not reach the issue of whether the court in commercial Securities Co., Inc. v. Moye, 270 So.2d 881 (La.App. 4th Cir. 1972) correctly construed La.C.C. Art. 4912, but find the rationale of that case highly questionable.