LEAR, Judge.
The home of Dr. and Mrs. D’Orsay D. Bryant was damaged by fire in 1979. As a result of this, the Bryants contacted their insurer, who employed Vinsant Painting and Decorating, Inc. of Birmingham, Alabama, as contractor. Vinsant then employed Mr. Reulet, of Reulet Electric Company, Inc., to do certain electrical work in the Bryants’ home. A dispute over whether Mr. Reulet had been paid for certain lighting fixtures which he installed in the Bryants’ home led to the instant suit in city court and defendants’ subsequent appeal.
*487 The original suit, in which Reulet sued the Bryants for monies allegedly owed him, was filed on March 19, 1981. The matter first came to trial on September 21, 1981, and at that time, judgment was rendered in favor of the plaintiff, Reulet. The judgment was signed on October 28, 1981. The Bryants filed a notice of appeal, which was signed on November 9,1981, and posted the appeal bond on December 4, 1981. At this time, all parties in the suit were notified by the clerk of court that due to a malfunction of the court’s recording system, only five minutes of the trial had been recorded and therefore a transcript of the entire trial would not be forthcoming. As a result of this, the trial court ordered the matter reset for trial on January 25, 1982.
Appellants first argue that as of December 4,1981, the case had reached the status of an unlodged appeal and, therefore, the trial court no longer had jurisdiction to grant and hold a new trial.
The jurisdiction of the trial court is divested, and the jurisdiction of the appellate court attaches upon the granting of the order of appeal and the timely filing of the appeal bond. However, the trial court retains jurisdiction for the limited purpose of correcting any misstatement, irregularity, informality, or omission of the trial record. LSA-C.C.P. art. 2088; LSA-C.C.P. art. 2132. This limited retained jurisdiction of the trial court is concurrent with the jurisdiction of the appellate court. Tangi Ready Mix Concrete v. Edwards, 356 So.2d 526 (La.App. 1st Cir.1977).
In this instance, the trial judge used the terms “new trial” and “retaking of testimony” interchangeably to describe the action taken on January 25th. However, regardless of what terms the trial judge used, it is clear from the transcript that his sole purpose was to complete the record. As stated above, this action is specifically provided for in the Code of Civil Procedure. Therefore, we find that the action of the trial court, in retaking testimony in order to correct an omission of the trial record, was within its jurisdiction.
Next, defendant-appellants assign as error the refusal of the trial judge to allow them to present evidence at trial. This action was taken by the trial judge as a result of defendants’ failure to file their pretrial exceptions in their answer. LSA-C.C.P. art. 4912(D).
The obvious intent of LSA-C.C.P. art. 4912(D) is to prevent protracted pretrial hearings of exceptions in cases in city court. In this instance, where the trial judge granted defendants’ motion for a pretrial hearing, and subsequent to the hearing, granted defendants additional time for filing an answer, all without objection from the plaintiff, the purpose of the procedural article has been defeated. Further, the Code of Civil Procedure does not provide this or any other sanction for the violation of art. 4912(D). See Commercial Securities Company, Inc. v. Moye, 270 So.2d 881 (La.App. 4th Cir.1972) as jurisprudential authority for the sanction; see also Aillet v. Century Finance Company, 391 So.2d 895 (La.App. 2nd Cir.1980) for criticism of the Commercial Securities holding.
In light of the events which have occurred in the trial court, and the fact that the Code of Civil Procedure provides no authority for the action taken by the trial court, the ruling of the trial court is reversed and this case is remanded to allow defendant-appellants an opportunity to present their defense.
Appellants’ remaining assignments of error are dependant on the outcome of the merits of the case and cannot be decided at this time.
For the reasons cited above, this case is hereby remanded. Costs are to be paid by plaintiff-appellee.
REVERSED IN PART AND REMANDED.