SEXTON, Judge.
Defendant appeals a judgment awarding plaintiff $2,317.72, representing the amount due plaintiff for engineering services rendered to defendant on an open account basis.
This dispute arises over payment for engineering services which plaintiff performed for the defendant, a general contractor, on April 27, September 18, September 21, 1979, and on April 30, 1981 on an open account basis. The defendant failed to pay for these services and on August 22, 1984, plaintiff filed suit against the defendant for $2,317.72 in the Monroe City Court. On August 31, 1984, defendant filed an answer to plaintiffs petition in proper person denying all of plaintiffs allegations. The defendant filed no exceptions with his answer.
On September 17, 1984, the defendant, again in proper person, filed a third party demand against Ralph W. Brockman, Jr. alleging that Mr. Brockman agreed to pay defendant for all services rendered by plaintiff because the services were’ performed for Brockman’s benefit at his request.
The record indicates that sometime between the filing of the third party demand and September 27,1984, defendant retained the services of an attorney, William Armstrong, to represent him in this matter.
After the trial of this cause had been continued twice, it came up for trial on December 20, 1984. On the morning of the trial, defendant’s attorney filed a peremptory exception of prescription based on the three year prescriptive period set forth in LSA-C.C. Art. 3494.[1] In addition, defendant’s attorney also filed an amending and supplemental answer which set forth the peremptory exception of prescription as an affirmative defense to the allegations in plaintiff’s petition.
The trial judge refused to consider defendant’s peremptory exception because the exception was not filed with defendant’s answer as required by LSA-C.C.P. Art. 4912 D. In addition, the trial judge refused to accept the supplemental and amending answer filed by defendant on the day of the trial.[2]
*920 Subsequent to these rulings regarding the prescriptive pleadings, both plaintiff and defendant stipulated to judgment against defendant for $2,317.72, the sum prayed for, subject to defendant’s right to appeal the trial judge’s ruling on the peremptory exception of prescription. In addition, the parties stipulated that defendant’s third party demand be denied.
The defendant has filed an exception of prescription in this court under the authority of LSA-C.C.P. Art. 2163, which allows the pleading of a peremptory exception in a court of appeal prior to the submission of the case for decision “if proof of the ground of the exception appears in the record.”
On appeal, defendant initially contends that the trial judge erred in denying defendant the right to file a peremptory exception of prescription in city court at the time the matter was called for trial. Specifically, defendant contends that under LSA-C.C.P. Art. 928, the peremptory exception was filed timely, and that the trial judge was in error in relying on LSA-C. C.P. Art. 4912 D to determine that the exception was untimely.
City court suits involving more than $1,000 but $5,000 or less require written pleadings, but the delays for answering and filing exceptions are the same as in those suits involving $1,000 or less in which pleadings are not required. LSA-C.C.P. Art. 4902. In such a suit, LSA-C.C.P. Art. 4912 D provides that a defendant shall include “in his answer” all of the exceptions upon which he is relying. On the other hand, LSA-C.C.P. Art. 928 B provides that the peremptory exception may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision.
Thus, the task presented to us by this appeal is to resolve the apparent conflict between Articles 928 B and 4912 D of the Code of Civil Procedure, i.e., which article governs the delay for filing a peremptory exception in a city court suit involving more than $1,000 but $5,000 or less. Upon considering the reason and spirit of the aforementioned procedural articles as mandated by LSA-C.C. Art. 18, we conclude that in the face of this apparent conflict, these articles can and should be read together to effectuate a general purpose. LSA-C.C. Art. 17.
The function of the peremptory exception, unlike the declinatory and dilatory exceptions, is to have the plaintiff’s action declared non-existent or barred by law, and thus tends to defeat the action. LSA-C. C.P. Art. 923. In contrast, the dilatory exception does not tend to defeat the action but merely retards the progress of the case, while the function of the declinatory exception is to decline the jurisdiction of the court. LSA-C.C.P. Art. 923. The failure to assert the declinatory exception concedes the jurisdiction of the court, LSA-C. C.P. Arts. 923, 925; and the failure to assert the dilatory exception indicates that the defendant is satisfied with the. posture of the case. LSA-C.C.P. Arts. 923, 926.
The legislative purpose inherent in the requirement of Art. 4912 D that all exceptions be filed with the answer is the expedition of more minor suits in courts of limited jurisdiction. Reulet Electric Company, Inc. v. Bryant, 429 So.2d 486 (La.App. 1st Cir.1983). The purpose of expedition and the prevention of protracted pre-trial hearings is likewise embodied in the Art. 928 requirement that the declinatory and dilatory exceptions be filed at the same time and be pled prior to answer. Holding Art. 928 B, which allows the pleading of the peremptory exception at any stage of the proceedings in the trial court prior to submission, to be superior to Art. 4912 D does no violence to this purpose.
Allowing a peremptory exception to be heard at any stage of the proceeding does not create unnecessary delay and interfere with judicial efficiency. If a peremptory exception has merit, a plaintiff’s cause of action can and should be defeated, thus *921 obviating the necessity for a trial. Moreover, LSA-C.C.P. Art. 2163 clearly allows a plaintiff to assert the peremptory exception of prescription in the appellate court, and makes no exception for the appeal from a court of limited jurisdiction in a case involving $5,000 or less. Thus, it would be illogical and inefficient to determine that a plaintiff could not file the peremptory exception in a suit such as this prior to submission in the trial court (after answer), but may do so on appeal.
We therefore conclude that LSA-C.C.P. Art. 928 governs the delay for filing a peremptory exception in a city court suit involving more than $1,000 but less than $5,000. Thus, the trial court was in error in not considering the peremptory exception of prescription filed in this cause on the day of trial. This holding will require a remand because we are unable to determine the merits of plaintiffs exception of prescription. Although plaintiff filed a photocopy of defendant’s account card as an attachment to his petition, this card was never introduced in evidence. No evidence was taken in the trial court as judgment was stipulated when the trial court refused to consider defendant’s prescriptive pleadings.
Plaintiff’s second contention is that the trial court erred in refusing to allow the defendant to amend his answer to assert the affirmative defense of prescription on the date of trial. While prescription is usually asserted as a peremptory exception, it is also an affirmative defense. LSA-C.C.P. Art. 1005, LSA-C.C. Art. 3447. See also Dean McMahon’s Comment No. 4, LSA-C.C.P. Form 659 (1985). As a practical matter, since we have determined that plaintiff is entitled to his day in court on the peremptory exception of prescription, our ruling on this issue could be seen as superfluous. However, since we have determined to remand the cause, we feel obligated to instruct the trial court as to the status of all pleadings complained of by appellant.
As we have previously discussed, the purpose of the expedited procedure for relatively minor suits in courts of limited jurisdiction is to expedite litigation and preclude delay. Considering this purpose, we cannot say that the trial court abused its discretion in failing to allow this amendment to defendant’s answer on the day of trial. Shurman v. Lewis, 465 So.2d 78 (La.App. 5th Cir.1985); Terrell v. Messenger, 428 So.2d 1241 (La.App. 3d Cir.1983), writ denied, 433 So.2d 709 (La.1983); Joseph A. Oster & Associates, Inc. v. Car Wash Center and Owl, Inc., 330 So.2d 688 (La.App. 4th Cir.1976); Hall v. Akin, 260 So.2d 822 (La.App. 2d Cir.1972), writ refused, 261 La. 1067, 262 So.2d 45 (1972).[3]
Parenthetically, we note that plaintiff has filed an exception of prescription with this court prior to the submission of this case. Since the aforementioned payment card is “of record” we may consider ■ that exception. LSA-C.C.P. Art. 2163. While the card may be “of record,” it has not been received in evidence. Therefore, even if we were to consider the exception of prescription filed in this court under the authority of Art. 2163, it would be necessary to remand to the trial court for the taking of evidence on that issue. We will therefore exercise the discretion implicit in Art. 2163 and decline to consider the exception because we believe judicial economy will be best served by remanding to the trial court for both the receipt of the evidence and a ruling thereon. In other words, it will be necessary that evidence be taken in the trial court, whether the excep *922 tion is originally ruled upon in that court or at this level.
In summary, we determine that the trial court was in error in refusing to consider defendant’s exception of prescription. We hereby reverse that ruling and remand the case to the trial court for the reception of evidence and a ruling on the exception of prescription. We affirm the trial court with respect to its ruling on the filing of the amended answer, and we decline action at this juncture on plaintiffs exception of prescription filed in this court.
REVERSED IN PART; AFFIRMED IN PART; and REMANDED.

. Art. 3494. Actions subject to a three-year prescription
The following actions are subject to a liber-ative prescription of three years:
(1)An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging and board;
(2) An action for arrearages of rent and annuities;
(3) An action on money lent; and
(4) An action on an open account.

. The trial court determined that it could not prevent the defendant from filing the exception *920 but decided that it "could not consider it." The trial court refused to accept the amended answer, within its discretion, and that pleading appears in the record as a proffer.

. On the related issue of whether defendant may file a subsequent answer after an adverse ruling on an exception when no answer was filed with the exception as required by LSA-C.C.P. Art. 4912, see Commercial Securities Company, Inc. v. Moye, 270 So.2d 881 (La.App. 4th Cir. 1972), holding that it could not. In contrast, see Aillet v. Century Finance Company, 391 So.2d 895 (La.App. 2d Cir.1980), in which Commercial Securities is questioned in a footnote. See also Reulet Electric Company, Inc. v. Bryant, 429 So.2d 486 (La.App. 1st Cir.1983), for a holding that an answer is appropriate when filed subsequent to an exception when authorized by the city court without objection from the plaintiff.